Good morning, Your Honors. As it pleases the Court, my name is David Shiffman for Astellas. May I reserve three minutes for rebuttal? You may, Mr. Shiffman. Thank you, Your Honor. Judge Zobel decided this case and granted class certification without the benefit of this Court's NXIVM decision. If you apply the legal standards of NXIVM to the findings made by the District Court, reversal of the class is required in this case. NXIVM said that there must be a mechanism for distinguishing injured from uninjured members of a class, and that this mechanism must be administratively feasible. Mr. Shiffman, I've read this in your briefing. You're totally losing me on this NXIVM argument. It seems to me that the proposition the Court is relying on is that the predominance inquiry in a C-4 class is restricted to the issues that are certified under a C-4 class. And if that's correct, put to one side whether it is or not, if that's correct, then I don't see how NXIVM, I'm missing how NXIVM helps you at all on that. NXIVM may help you on arguing whether you should do that or on the motion that you won below, but how does it help you if the proposition the parties are contesting about the role C-4 plays is correct? Well, NXIVM goes directly to the Supreme Court's standards for certifying a class under 23b3, that the class must be cohesive and that the individual issues cannot overwhelm the common issues. You can't have a cohesive class in a situation like the one we have here, where the class includes consumers. A large number of the consumers may have been injured by the challenged conduct, but a large number of the consumers were not affected one way or another, and another large portion of the consumers were actually better off as a result of any delay in the availability of the generic, because their copayments went up. Where does the cohesive thing come into play under the rule as you're reading it? That's the predominance requirement of 23b3. So under the predominance requirement, we're supposed to look at whether the issues predominate, right? In an issues class, just as Judge Gadd is saying, how does the issue of antitrust violation not predominate in this issues class? The issue of injury has to be confronted eventually. Saying that it's an issues class doesn't change that. And if the common issues overwhelm the individual issues, you have a proceeding that can never get to the other side of the river. You're going to start swimming across the river, you're not going to get to the other side, because you can't determine which class members were injured. Is that just a function of your argument challenging, that you can have an issues class separate from doing the full 23 inquiry as to all the issues? No, Your Honor, I mean, it's an inherent element of Could you explain to me how the injury point in particular is a threshold consideration under an issues class? That's what I'm not quite following. Okay. On the question of issues classes, it cannot be the law that establishing the existence of a single common issue and then saying we're going to limit the class to that issue satisfies predominance. Because if that were true, then the predominance requirement would collapse into the commonality requirement of 23A2. Any class with a common issue under 23A2, you could say if you limit the class to that issue, that issue will predominate. The common issue predominates. I understand that issue. I'm just trying to figure out what the injury point from NXIVM has to do with that. As I read NXIVM, it was applying a general principle based on the reading of the Supreme Court cases that you cannot have a class if the individual issues will overwhelm the common issues. It just can't work. NXIVM just tells you you're right if what you previously said to Judge Barron was correct, that you can't use C4 to essentially eliminate B3 by turning every class that satisfies the commonality agreement into a class. But that's the issue. If you're right on that, of course NXIVM helps you. Explain to us why. Do you have any other reasons other than that it would become every class where this common issue would be certified? Do you have other reasons? Yes, but that's not the correct interpretation of C4. C4 was adopted in 1966 to resolve a conflict in the circuits. There were some courts, including the Eighth Circuit and the Supreme Court, that did not have a class action unless the class was seeking common relief. That was in fact an antitrust case in which the members of the class were farmers in a cooperative alleging that they had all been injured by two and a quarter cents for each gallon that they purchased from an oil cartel. And the Eighth Circuit said you can't have that class because you're each looking for your own individual injury. 23C4 said yes, you can have that kind of a class. So you're painting C4 as one of the tools that a court which certifies under B3 can use to manage the trial. Exactly. It can parse out the common from the uncommon issues and C4 makes it express that you can do that. That's right. In your argument, it's not a separate clause. It's a separate basis. Well, it's clear that C4 cannot be a separate basis for certifying a class because if you look at other provisions of Rule 23, like Rule 23C3, the notice provision, it talks about B1 classes, B2 classes, and B3 classes. There's no other form. Or if you look at 23C3, which is the judgment provision, it talks about the form of a judgment required in a class certified under B1, B2, and B3. There's no other kind of class besides that. But the question would just be whether for C4 we just look at it once already defined as the issues class to make sure that it meets commonality predominance. Commonality would have to be an issue that's central enough. It'll obviously be common. It'll obviously predominate. But it won't be common in the full sense unless it's a central enough issue because the commonality requirement includes that. So you'd have to do that inquiry. So that doesn't tell us all that much. And I guess what trips me up a little bit is the rule says brought or maintain. That's correct. What is the word brought doing there on your theory? I don't know what it means. It's been there since the beginning. Yeah, but isn't that a bit of a problem for your theory? No, not at all, yeah. Just under canons of surplusage, if we just read brought right out of the statute of limits. On your theory, the class already has to have been brought as a non-C4 class. And then it's just sort of maintained, I guess, as a housekeeping matter as a C4 issues class. But the rule says it can be brought as a class with respect to an issue. In this case, the complaint brought it as a class action with regard to all issues. That's what the complaint asked for. And that's what the judge denied in the first opinion. Then in the second opinion, the judge said that it could be maintained with regard to the issue of antitrust violation, even though it had not been brought in that fashion. So I think that that's what the rule is getting at. So now you're saying there is a meaning of the word brought, which is brought to distinguish you could have one class action in which someone brings it not with reference to C4 because they say every issue is common. But you could also have a complaint that says issues one through five are common, but six is not. We recognize it. That's correct. And C4 allows you to bring that action as a class action. That's correct. I mean, I think... Let me ask you a practical problem that's always puzzled me here. In your brief, you describe the unlikeliness that class members would, after the trial of this action, bring their own actions, hire experts, do all the work, take all the risks that's necessary in the hope they get $30. If that's so, how does this C4 certification hurt you, hurt the defendant at all? In other words, how does it bring any pressure to bear? How does it accomplish anything other than maybe solidify one particular interpretation of non-mutual collateral estoppel ramifications of the judgment? Well, our prediction is that almost no individual consumers would bring claims. I don't know... I assume you're right. I don't know about the third-party payers. Then where's this pressure you're feeling? What do you care about? Because I'm not sure that my prediction is correct. And if a class is certified, it increases the pressure to settle the class for reasons unrelated to the merits of the underlying cause of action. If the only way you can get to the finish line is to have these additional legal expenses against defending any consumer claims or any third-party payer claims that might be brought in a subsequent proceeding. It only increases the pressure to the extent that you do fear that a large number of consumers will bring follow-on actions. Well, I... If you knew that weren't going to be the case, there'd be no pressure on you. If you knew that wasn't going to be the case, there'd be no reason to certify a class and that'd be a total waste of resources because it costs a lot of money to certify a class. And as I say, the class also includes third-party payers. Some of them may bring claims. I don't know if they would or would not. But one thing that is denied to us if a class is certified is to go to the two plaintiffs and say, would you like to settle your claims? Because they're not allowed to settle their claims prior to an adjudication of the class issues. Just to get the limits of your theory, so on the prejudice point, just even having to defend against this class is the prejudice, regardless of pressure, right? Just the expense of having to go through proving out antitrust violation in a class setting is costly, right? Also an inability to settle claims with the... But just on the limits of your theory, so that I understand it, is the reason this case is particularly problematic to be brought as an issues class because it's brought only as showing antitrust violation as opposed to antitrust liability? Or do you have the same argument if this was also brought as an issues class for antitrust liability and the only thing that wasn't involved was damages? If this were a case where damages could be resolved in a relatively simple way, for instance, if there was a formula for damages and all you had to do was input plaintiff-specific information, then common issues would predominate. You don't have to go to 23C4. And that's because we just don't think of damages as being part of the common issues predominance inquiry? I wouldn't go quite that far. I mean, the opinions of this court say that usually damages is not a reason to find a lack of predominance, but it says in rare cases that might be the situation. And in the antitrust world, what you frequently see, not always, but frequently see is that the plaintiffs propose the same approach to prove both injury and damages. That was the situation in the Supreme Court's Comcast case. So when that proof failed, it wasn't just a failure of proof of damages, it was a failure of proof of injury. And the Supreme Court said that under those circumstances, you cannot have a class because 23B3 wouldn't be satisfied because the individual issues of injury and damages would overwhelm the common issues. If you accepted the view that the district court adopted, then almost every case, major case, where class certification has been denied for lack of predominance, a class could have been certified if only the plaintiffs had said, all we want is an issue class. But why would that be so, I mean, I understand that that's a practical consequence of what the district court did, but I'm not entirely sure why that's an argument that it can't be right if, in fact, there's not a huge benefit to plaintiffs, on your prediction, about certifying just any old issue as an issues class, because it doesn't get you very far. The kinds of cases where our interpretation of the rule differs from the district court's interpretation of the rule are precisely the cases where the individual issues would overwhelm the common issues, where you could not litigate the case. You just couldn't get to the other side of the river because it's just, there's just too much work. Well, they, under their version of C4, as I read the class notice, they don't anticipate ever getting to those issues in this action. They just, as I read the class notice, it seems to envision that there'll be this kind of adjudication of antitrust violation, it may be adjudication of the two individual plaintiffs, individual claims, and then there'll be a judgment, and then maybe some follow-on separate class actions. That's how I read the notice. That's what they're proposing, the district court hasn't done it, so we didn't make that, the centerpiece of our appeal, but that kind of a judgment would be totally improper. Federal courts do not have the authority to issue judgments saying that the defendant violated the law. Federal courts have the authority to grant relief or to declare rights, and the only people who have a right to allege a violation of these state antitrust and consumer fraud statutes that the plaintiffs are invoking are people who have been injured. The state statutes all mimic, or almost all mimic the... What are we supposed to do with her standing finding, then, in the sense that she does say that the plaintiff here in the class has standing? She found that there is standing to bring a class action. Right, so how does that interact with what you're just saying, which is that courts, I understand courts don't have the general authority just to say somebody violated the law, but with respect to somebody who has standing, they might have the ability to declare their rights, right? There's a difference between standing to bring a cause of action and the authority of the federal court to grant a particular form of relief. You cannot enter a judgment saying that somebody has violated the law. You can't even bring a cause of action saying that somebody has violated the law unless they've been injured. But I think the plaintiff's argument is, well, they do have a named plaintiff who's been injured. And, well, let's use this as an example. Forget C-4. Forget Rule 23 altogether. So the named plaintiff sues your client, says, I'm not going to settle, tries the case, and wins, and collects $90, troubled, plus attorney's fees. And you've lost. Then one of the other class members turns around and sues you. That could easily happen in normal, non-class litigation. That's right. Period. How would you be any better off in that scenario than you are under this scenario? Well, there are 14 states that don't recognize offensive collateral estoppels. So they could not. So that's what this really turns on is it would, by the C-4 certification, the court is, in effect, saying that all the class members get the ability to invoke collateral estoppel. And I suppose on the plus side view, they're also bound if you win. Oh, there are definite advantages for us if we win. There's no question about that. But there's a big disadvantage. If you're right about non-mutual collateral estoppel, there's a big risk of you losing in that you'd lose that lack of mutuality defense to the invocation of collateral estoppel in the follow-on actions. If I followed you correctly, that's correct. But we have not argued against class certification because it's harmful to Estellas. We've argued against class certification because the standards of the rule are not satisfied. And the standards of the rule require predominance. In courts, in antitrust cases, for many years, have confronted precisely the situation we have here where there is no common proof of injury. And in case after case, not only this circuit, but the Third, Fourth, Fifth, Seventh, Eighth, and D.C. circuits. Just going back to your point on the cause of action where you say they just can't order the relief just to say that there's been a violation. You were going to say something about the various states and how they would treat that issue. What I'm trying to figure out is, let's say C-4 possibly can be read as the plaintiffs want it read. They'd still have to show predominance of common issues, which I assume has to mean that the cause of action that grounds the suit in the various states is for commonality. There's got to be a similar kind of cause of action grounding the whole suit. Do we know anything or has anybody discussed the issue of whether under these various state laws you're allowed to just sue just to have a declaration that there's been an antitrust violation without respect to any other issue? It's not addressed in the district court's proceedings, but the state statutes all have the same language as the Clayton Act Section 4, which says any person who has been injured in his business or property by reason of anything forbidden by this law may sue and recover threefold the damages by him sustained. So you can only sue if you've been injured. Federal courts don't have the authority just to say that somebody has violated the law. Do you have a move to dismiss on the ground that there's just no cause of action if this is an issues class? This didn't come up at the motion to dismiss stage. We've argued that you cannot have an issues class of this nature. One way to take care of this issue is given the nature of the issue as it's coming to us. Your basic intention is there's no cause of action for just an antitrust violation. That's correct. But then you wouldn't have to resolve any bigger issues about what C-4 generally does or doesn't mean. The intention, according to the district judge, is that people could say that they are parties to this proceeding, whether they're injured or not, and if they choose, they can bring a lawsuit in state court in order to have lawsuit number two following up on lawsuit number one on the same cause of action. You'd have to look at this issue separately for every Illinois brick repealer state out there. I'm sorry? This would be an issue of state law that Judge Barron is raising for every Illinois brick repealer state statute. I don't think there is an issue of state law as such. The question I've raised is that the federal courts don't have the authority. Well, the cause of action is a state cause of action, isn't it? We have jurisdiction. Yes. It's a state cause of action. Well, I just asked, what is the state cause of action? And I think you're saying there is none. There's no state cause of action by somebody who has not been injured. Right. So then I just am wondering why you couldn't just take care of this case under 1236 rather than have us decide the whole issue of whether, in general, there's ever a possibility for issues class without going through the predominance inquiry that you say is required. There are a lot of members who were injured if the cause of action is valid. They do have claims. What I'm saying is the court does not have the authority in the abstract to declare that somebody has violated the antitrust laws. And then in addition, because it would have to do so under Rule 23C3, the judgment would have to identify or describe the members of the class who are subject to this judgment. So that's entering a judgment without determining whether people have been injured, and that's not permitted. You're saying that there would be no effective plaintiff if the judgment is issued because they haven't identified anybody. Is that? It's not a lack of identification. It's a lack of federal authority simply to declare whether somebody has violated the law or not violated the law. You're saying there are class members out there, lots of them, who have a cause of action under state law. There are some who don't. If you could aggregate the ones properly under B3, such as if injury in fact were common and damages were administratively determined, then there's nothing wrong with them bringing a case. It seems to me what you're saying is they can't, under state law, bring half a case, just the, I was, you violated the law, period. Well, that's clear under the state statutes. But that's not a C4 point. That's a point about the impropriety of this procedure of saying that a single person... It follows from it, but it's a predicate to it. I mean, it comes before you even get to C4 in a sense, right? I agree with that, Your Honor. I mean, in other words, theoretically, there could be a C4 case that wouldn't present this element. And what I'm just wondering is whether this is a case where we have to decide C4 globally or whether there's something special about the oddity of the way this issue is being presented, in which they only want half a loaf just to prove a violation. That suggests that we could decide this case without deciding what C4 means in every case. Well, it's the fundamental problem with saying you're going to have a cause of action split between two different lawsuits, where one element of the cause of action is going to be decided in one lawsuit, and the other elements are going to be decided in a different lawsuit, which contradicts the law of res judicata, as I've always understood it. But we do do that with relief and damages, right? Under normal cause action, we can do that with respect to deciding liability, but not totally pulling out damages, or that then is not a separate lawsuit? It's not a separate lawsuit. It's part of the proceeding. Thank you, Mr. Schiff. Thank you. Thank you very much, Your Honor. And may it please the court, Tom Sobel, for the end payers in this case. The district court, Judge Zobel, acted very much well within the discretion afforded to her under Rule 23 to certify, in this case, certain questions, certain issues that are indisputably common to the class. So let's just make sure we understand what she did do and what the consequences of it are, because I think it entails the dialogue that was just had between my brother counsel. So the common issues are monopoly power, whether Estellas violated the law through an objectively baseless petition, what its intent was with respect to that petition, fourth, whether generic entry approval by the FDA was delayed by that petition, and then finally, if all that's the case, what was the extent of the delay of generic entry? All of those issues involve common questions of fact that no one disputes are the same for every potential case. And of course, certifying those issues then, as she found, will have all those issues dealt with in one fell swoop, and it prevents the problem that you would have if she did not certify those issues, which is the situation you would have where everybody has to go into court and prove all of those same issues, as well as the issues that she did not certify. What was the issue that she did not certify? Basically, what is the economic consequence of the generic delay to the plaintiff? And that is half, if you will, of the impact question. From my point of view, impact is the extent of generic delay. That's common. That's one half of impact. And then the second half of impact is what's the economic consequence to each member? Well, in an antitrust action, it's also was there any injury in fact at all as an element of establishing the cause of action under the antitrust laws? Yes, Your Honor. What I meant by the economic consequence is it's twofold. You're right. Impact. Is there any impact? And if so, how much? Yes. And that's what I meant. I wrapped it up in economic consequence. And the pivot point for you on the B3 motion was that the judge did not think that injury in fact was a common issue. And so in indirect purchaser actions, that often not always turns out to be the pivotal point. That's exactly correct, Your Honor. And as a result, what the motion was on C4 was to respect her view in that situation, although obviously there's a difference of opinion on it, but to respect that view and have this case move as nigh almost all cases that talk about this situation, which is it is quite common in class actions if there are many issues that are common, but impact and or damages are not, require individual adjudication, then the class actions still go forward and you can deal with individual issues later on down the game. But the later on down the game, that's what interests me, in the B3, and I realize you haven't had a chance to appeal the B3 ruling, but in the B3 ruling with the court, in effect found was because of non-commonality on injury in fact and damages, it would be impossible to manage the adjudication of the individual resolution of those suits, even if you decided the common issues, and that's the B3 ruling. How is now certifying under C4, how does that cure that problem as opposed to simply shift it from this judge to other judges? Well, actually I think, Your Honor, it does shift it from this judge to other judges, but let me explain at least what it's doing by way of a cure, because I also only think it is three quarters of a loaf, as we said. If a court certifies under 23B3 a class which includes impact and damages, what that court by definition has concluded in that circumstance is that there can be one trial and the judgment will be for a now new corporate body in a big amount, okay? So that's the way you could do the whole thing, if you will. Now if there's a circumstance, however, and I suggest that this is the case with the vast majority of class actions where they say we're going to certify for these issues, but we'll leave individual issues to later on down the road, what that means is that the court is functionally doing a C4 class. Because unless the court issues a judgment that says I am ruling on damages for you, impact and damages for you for this class, then what else is the judgment going to look like? In other words, when the court says we'll deal with those individual issues later on Right, but you can't do that. Even an axiom, a majority opinion, an axiom comes right out and says you have to have a plan for how you're going to manage the adjudication of the individual issues. Under it, yes. Under 20, if you're doing a certification, which we don't have here, you're doing a certification that is after both impact and damages, then what, the way I read both the majority and Your dissenting opinion, Your Honor, is that you have to make darn sure that you're going to make sure that the amount of money that that judgment is reflecting against that defendant doesn't, isn't increased in any way by the potential presence of uninjured members in that class, number one. And that number two, don't punt down the road about how you're going to figure out who gets the money or not. Have a concrete way to get that resolved at the class certification stage. So how is that different here? How did certifying under C-4 cure that problem, which was the inability to manage down the road in this case, as found by Judge Jovell? It did not. As a matter of fact, this is giving the defendants what they wanted. The defendants said, we don't want to have all the issues decided, so we instead go back and we say, no, we won't, the judgment is not going to bind you on damages. It's not going to bind you on impact. This judgment is going to bind you on an issue, which is essentially going to be an issue preclusion for everybody, one way or the other. And then people, rather than the situation they're in right now, which is all these third party payers and these consumers are in a situation where they have to go to state courts and prove everything right now, they instead go into a state court or a federal court, wherever they have proper jurisdiction. They can allege under Rule 11 that they were harmed. They can prove it in summary judgment. And then a part of what they do in that proceeding is that it's not a matter of them having half a cause of action. They say, we're suing under this state law. A federal court is entitled to raise judicata on these issues. Now we only have to prove the economic consequences, my impact, and my damages. Now there's a, I don't want to, if there's questions. I think you're on. Go ahead. Was that going to have to be done one by one? As a practical matter, I don't think that's going to happen. So the practical answer is this, and it differs for third party payers and consumers. Third party payers will likely come back with a renewed motion for class certification if they have a judgment on liability, on the third party payers. Because the third party payers can, the issues that the court had regarding impact were primarily almost exclusively consumer oriented. Third party payers who are reimbursing for multiple people are almost definitely, almost apodictically going to have made sales that were at a higher price. And so as a practical matter, either those third party payers come in on a class, or the largest of the third party payers, and they've done this in other cases, will come along on an aggregate basis. The consumer case, that's different. On consumer case, what I would think is a practical matter is that the consumers come in again on a revised class certification, but this time they'll probably say, you know what, here are the consumers who bought a generic, and we'll take, put the brand, so called brand loyalist issue off the table. And that's probably one thing. And now, what, are there other individuals that will come forward if they had a judgment but they only have a claim for 80 bucks? I think that still is impractical, right? But that just goes back to a usual plaintiff mantra, to be quite frank, which is that we think at the B3 stage, that's why we're after trying to get the whole loaf, not in this situation where there's an impracticality. If I understand you, the NXIVM requirement to call flows from the fact that the class judgment was going to include a damages award. Absolutely. OK. And then if that's the sole source of it, it's just a matter of management discretion by the district court, which is reviewed for abuse. That's why that requirement applies. And I then understand why under C4, since you're not seeking a damages judgment, that whole issue is beside the point. What I don't fully understand is, you avoid that issue, but you do so by creating a action where I'm not following what the action is. The action is a Rule 23C. No, no, no, no, no. I don't forget Rule 23C4. I want to understand what the cause of action is that you're suing under, since you're not seeking damages. Well, the cause of action is that the indirect purchaser, state law claims, OK? And we are seeking an adjudication under those in federal court on liability only. And you're allowed to, you're not even seeking liability. You just want a declaration of antitrust injury. Does state law allow that? Two things. We're actually not asking for an adjudication of antitrust injury. And I don't mean to jump... No, no, antitrust violation. I misspoke. OK. I just, right. Does state law allow you to go in and just get a court to announce whether there's an antitrust violation? If I file a cause of action in state court, and some issues have been, and my cause of action is 23A, Section 9, in Massachusetts state court, and I go to the business section, and I file that claim, and I have my, and I want money, that court is required to accept a judgment of this, of the district court. But I'm asking the prior point. You haven't, I want to know, could you walk into a state court and say, here's what I'd like you to do. Tell me whether this guy violated the antitrust laws. That's all I want. I don't want relief. I don't want damages. I don't want injunctions. So I don't even want you to find out whether I was harmed by it. I just would like to know, did they violate the antitrust laws? Can you do that under state law? Most state laws that I know of, I can't, I'm not going to sit right now and tell you that I've gone through all the 23 or 24 Illinois brick repealers, right? But as far as I understand it, if you're an aggrieved party, if you have some form of standing, you can seek a declaration under state laws. And I know for a fact that a consumer could come into federal court and seek that under the Clayton Act, under Section 16 of the Clayton Act. If you're an aggrieved party. If you're an aggrieved party. So, but I think Judge Barron was framing the question, no, mums the word about whether I'm an aggrieved party or not, because the court is not going to determine here whether any of these class members are aggrieved parties. No, the other courts are going to determine if they are. If you put back in the injured party issue, as necessary to the cause, then even under C-4, you flunk predominance. You're trying to solve that problem by saying, well, it's a C-4 issue. But then if the cause requires injury, then we're just right back to the same problem under C-4. Well, let me put it this way. This line of inquiry is essentially an argument that anybody who ever brings any kind of claim, if they have to show injury, they're going to need to be able to prove that on a class-wide basis. Because what you're saying is, C-4 doesn't apply in any situation where an element of the cause of action is injury. I'm trying to ask it the other way, which is, I don't know if that's true always, but I'm trying to understand why it wouldn't be true here. In other words, how can you get around that issue here? No one's gotten around it. So the named plaintiffs here have standing to bring this claim. And they seek, as representatives, to seek on behalf of everybody else who will have been harmed. That's who they, you know, anybody who paid here, right? The court isn't going to determine who else has been harmed. So could you go in and ask the court whether Acme Corporation violated the antitrust laws on behalf of me? Of course not. You need somebody who has standing, like these named plaintiffs. Right. And so if you went into that court and asked on behalf of me, the other side would say, I never dealt with Acme, so you don't even need to determine whether Acme violated the laws. Yes. In this case, the judge is going to be designing the case so that argument that I've never been harmed never gets heard, either positive or negative. So all it's deciding for the represented parties is the abstract issue. And I think that's where Judge Barron is trying to... Well, but it's not an abstract issue if the named plaintiffs have to prove harm, which they have, right? And Judge Zobel has agreed to that here, right? Just so I understand, they'll have to prove harm in the C-4 action? For themselves. Yeah, for themselves. In order to continue to be representatives, they have to, from Jump Street, first allege it, and then a class certification, prove it up, summary judgment, and then a trial. The named plaintiffs have to continue forward with that. No other person will get entitled to that judgment, the C-4 judgment that will come out of the district court, until they individually come forward and prove their own... And you're saying don't worry about NXIVM because that's a rule just to protect against damages, but there's no harm to defendants because there's no damages judgment that's going to issue here. Right. But I will say this, just to be completely intellectually straightforward with us, right? The question about how you define a class in a C-4 section, right, is still a quasi-functional rule that you indicated in your dissent in NXIVM, but it's performing a different function now. In the function that it performs when you've got a judgment, you need to make sure that the defendant's not paying any more than it or he or she should have, and also that uninjured people aren't getting some of those spoils. In a C-4 situation, the question then is, and the way that I would frame it is, does the class definition perform the function reasonably of efficiency and fairness to the parties that's intended behind the C-4 order? And so here, when it's defined as people who paid for the drug during the time period of generic foreclosure, that gives everybody objective certainty and definiteness. It does not, for instance, this appeal could boil down to, should we just add to the class definition who were overcharged, right? And that's what, in part, that's where this appeal boils down to. Is everything that Judge Zobel would have done okay if her definition simply had added those three words to it, who were overcharged? Let me see if I can get you focusing on the race judicata question that I was asking, Mr. Schiffman. Suppose one of your main plaintiffs had just sued Estrellas for violating this exact same claim, violating the antitrust laws by delaying the generic entry baseless claim. And at the end of the case, you won, and you asked for a declaration that they did so. You asked for damages. You asked for trouble. You asked for attorney's fees. And then you also asked the judge to declare that that ruling would be collaterally binding, non-mutually, on Estrellas and every other case that anybody filed after that. It seems to me that would be exactly what you're trying to get here using C-4. Pretty much. C-4, I think you sort of indicated it in a question earlier today, Your Honor. C-4 as a practical matter is making a fair playing field for both the defendant and the defendant, and it's also creating some clear procedural safeguards around it in terms of notice to class members, notice to the defendant about what's going to be happening, and doing it in a circumstance where the trial judge has decided this is going to advance this case. So here's my question that has got me puzzled here. In that hypothetical I gave you, could the U.S. District Court in the action brought by John Doe against Estrellas declare at the end of that one-on-one party suit that the judgment will be forever binding, non-mutually, collaterally on anybody in those other suits? And if the judge could, then you're just getting to that through a different result. Yes. But if the judge couldn't, then it seems to me we have a concern that you're using a procedural vehicle, C-4, to achieve a change in the substantive law, which then gets us into the rules enabling that problem. Well, I think it's very clear that other people that are going to be coming into at least the federal court are going to be able to say, regardless of what the district court has indicated, that it is entitled to be followed. Between the parties? Yes. But I'm positing that the individual action, the court declare at the end that it's binding on Estrellas in actions by non-parties in that proceeding and that it's binding on those parties. I'm not familiar with authority that would allow a U.S. District Court to do that. Well, I don't think that that's the situation we have here, quite frankly. I think that in this kind of a situation, the court is saying from the very beginning, not at the end of the case, and is making it clear through the rules that this class action, because putatively she had the putative class before her, I'm not going to decide this whole case, but it is within my power to decide some of this case and have that judgment respected, not only in the federal courts, but in the state courts. Yes, Your Honor. I may not get it at all, probably I don't at this point, but what happens if there's an antitrust violation found in the case and no damages for these two plaintiffs? I don't know. Well, that's the question I want to know, because then you'd have an antitrust violation found with no damages. Yeah. What happens to that antitrust violation? So I've confronted that question, not in exactly the procedural context you talked about, but for instance, during the course of proceedings before Judge Saris in what's called the average wholesale price case, involved a lot of cancer drugs. Class representatives were dying left and right, and they had to be replaced. There's a body of law in class action law that permits the court, because even the court, every court has a fiduciary duty in the class, to see that it's adequately represented if for some reason somebody falls out. Now, I haven't had that issue at trial, and I can't speak to that specific issue, but I do know that at least those principals would probably be involved in that kind of a situation as well. Well, that's different because you're not at trial yet. I'm populating something different. If you go to trial and there's an antitrust violation found with no damages to these plaintiffs, the plaintiffs who you trust, does that antitrust violation just sprout wings and people can come in all over and use that in order to get to prison? No, I think as a practical matter what would happen, as is contemplated I think even by the judge's orders here, that there's going to be a separate proceeding when the class plaintiffs prove up their damages before there's going to be a judgment that enters. If it turns out that those class plaintiffs couldn't prove their damages, then it's likely going to invoke the body of law that I told you about, which is that the court is permitted to have substitute class representatives come in. That's, I think, the way that that would take place. We would confront that issue only if she then issued a judgment. Yes. But having not confronted that issue, there's nothing wrong with the certification on your view. Correct, Your Honor. Just on the point that you were back and forth with Judge Kayada, he was asking you about whether you could get that separate declaration about the collateral of estoppel effects in the individual suit. You gave him one answer. But if I was following you, and I just want to know if I'm right about this, I thought you might have answered that the situation he's positing is true in any Rule 23 class action of an ordinary kind in which there aren't final damages for every class member. Which, by the way, is, I mean, it's just case after case after case. And I think even two Supreme Court justices called it nigh universal, where you've got situations where not all the issues in a Rule 23 case are being adjudicated, some of them, and we're leaving the damages thing to the side. They have to be determined in the same action. You know, it's under 20b-3. You don't have follow-on separate lawsuits. So you don't have this whole race judicata issue at all. It's the same lawsuit. And here you're positing, as I read your class notice, you're reading entirely separate newly commenced follow-on lawsuits. I think an analogy is apt here to the way that Judge Young has been handling the or handled the tobacco cases, which, if I understand it, sprung out of an adjudication, a class adjudication on some issues regarding nicotine addiction or something regarding the health hazards of cigarettes. But then there were follow-on actions that were adjudicated by many courts. In the same docket? They were all centralized somewhere in Florida, but I don't frankly know whether or not they're the same docket or separate actions that are coordinated or whatever. But, you know, it's not unheard of to have that kind of thing. I also should go back, Judge Barron, to your question. If, or actually to your question, if there was an individual case, just John Doe versus, you know, Acme Court, and the court was intending to have that judgment at some point have ubiquitous effect, then at some point that court, if it's a district court, federal district court, would invoke the statutory powers under Clayton Act, Section 16, which permits a court to enter declarations and injunctions regarding antitrust violations, even for indirect purchasers, for consumers and what have you. The Illinois break does not apply to that section. So it just occurs to me that that's another way the court would try to handle that issue. As a B-2 class for injunctive? Potentially as a B-2 class, yes. But we don't know whether all the different state laws allow that here. Well, I think that... We just assume, given the way the case comes, we have to assume that they... Well, I'm trying to not assume, but not state too much, Your Honor, right? I've got some experience in a lot of state antitrust law. No, I'm asking from our perspective what we're supposed to do. Are we supposed to just assume that that remedy is available under all the different state laws? Does it not matter whether we have such an assumption? Do we assume the opposite? I think you're required by precedent and by the rules and by the advisory comments to respect the fact that a federal court judge, when he or she has before him a variety of different potential issues, that that court can carve some up for a judgment as the rule contemplates and leave other issues to be decided through individual adjudication. I do think that you're required to do that, yes. With all respect, Your Honor. Thank you, Mr. Stahl. Thank you. Is it please the court I'd like to start with Judge Stahl's hypothetical where the jury finds an antitrust violation, but it's also found that the two remaining plaintiffs in the case were not injured. I don't know that there's an appealable judgment even in that situation because who's going to be defending the question of whether there's an antitrust violation? There's nobody in the case. I don't think there would be a collateral estoppel in that situation because collateral estoppel is only available for issues that were actually and necessarily decided. To render a judgment in favor of the only two plaintiffs who are getting a judgment, render a judgment against them, the violation was not actually and necessarily decided. Wasn't Mr. Sobel's answer that there would be newly appointed or new representative class members appointed at that point by the court? Would the court have the discretion to allow that at that point? I don't know that the court would have the discretion to allow that. We've seen that procedure used prior to trial, but not after trial. The jury has been told about two specific plaintiffs in finding an antitrust violation. Now to get to Judge Kayada's question, could the judge simply declare that collateral estoppel applies to everyone? I think the red letter law is that even as to res judicata, a court does not have the authority to determine the res judicata effect of its own judgment, which is why Rule 23C3, the judgment provision, doesn't say who a judgment is binding on specifically because that's not within the court's authority. The court simply identifies who the parties were to the case, and a later court can decide on the res judicata effect. Collateral estoppel is even farther removed from this. A key issue in deciding whether collateral estoppel applies in a subsequent case with different parties is whether it would be unfair to apply collateral estoppel. For instance, if there's newly discovered evidence. Suppose, for example, that one day after the jury verdict in this case, the FDA were to adopt the very measures that Estellas sought in its citizen petition. That's new evidence which didn't exist, and I think we'd be entitled to judgment as a matter of law on the antitrust violations because it's not objectively baseless if the FDA a few years later agrees with your position. So I don't think the court has the authority to go forward on that basis. And finally, the questions about the need for a plan. How are you going to get to the finish line and resolve these cases? That's what the predominance requirement is all about. That's why it says common issues must predominate over any issues affecting individual members because if those individual issues are too cumbersome, you just can't go forward. And C-4 doesn't solve that problem. Thank you, Your Honor. Thank you, Counsel.